**AKIN GUMP STRAUSS HAUER & FELD LLP**
EDWARD A. WOODS (SBN 54841)
ewoods@akingump.com
SARAH E. GETTINGS (SBN 260436)
sgettings@akingump.com
GARRETT S. LLEWELLYN (SBN 267427)
gllewellyn@akingump.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:   310-229-1000
Facsimile:   310-229-1001

Attorneys for Plaintiff
VICTOR SHAWN BROWN

Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
Elise H. Hur, CSB #258291
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA 90010-2014
Tel. (213)365-2703 / Fax (213) 365-9130
nelson-fulton@covad.net

Attorneys for Defendants,
Deputies C.L. Thames and John Roth

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| VICTOR SHAWN BROWN,<br><br>              Plaintiff,<br><br>     v.<br><br>C.L. THAMES, JOHN ROTH and DOES 1-10,<br><br>              Defendants. | Case No. 10 CV 03178 JHN (VBK)<br><br>The Hon. Michael W. Fitzgerald<br><br>Magistrate Judge: The Hon. Victor B. Kenton<br><br>**STIPULATION OF PARTIES FOR PROTECTIVE ORDER TO GOVERN CONFIDENTIAL PAST COMPLAINTS OF EXCESSIVE FORCE AGAINST DEFENDANT DEPUTIES THAMES AND ROTH**<br><br>**[DISCOVERY MATTER]** |

1

[PROPOSED] STIPULATION OF PARTIES FOR PROTECTIVE ORDER TO GOVERN CONFIDENTIAL PAST COMPLAINTS OF EXCESSIVE FORCE AGAINST DEFENDANT DEPUTIES THAMES AND ROTH

1  IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Victor Shawn Brown ("Plaintiff") and defendants John Roth and C.L. Thames ("Defendants"), (collectively, "the parties"), through their counsel of record, that the following protective order will govern all privileged and confidential excessive force complaints, if any, made against defendants.

## **PROTECTIVE ORDER**

The following Protective Order shall govern the disclosure of documents and information produced to Plaintiff regarding any and all excessive force complaints, if any, made against Deputies C.L. Thames and John Roth.

1.  Under no circumstances shall the disclosed documents or information contained in the disclosed documents, be used in any proceeding other than the matter of <u>Victor Brown v. C.L. Thames, et al.</u>, CV 10-03178 JHN (VBK) ("this Matter").

2.  Under no circumstances shall the disclosed documents or information contained in the disclosed documents be filed in a public record, compiled, stored, duplicated, used as a data base, or disseminated, in any form, except by Court Order, except that any such documents or information may be: (1) used in accordance with the further provisions set forth below and; (2) used during the trial of this Matter;

3.  Disclosure of the material by this Order or information obtained therefrom shall be limited to the classification of persons listed below:

    (a)  Counsel for any party to this action;

    (b)  Staff and personnel employed by counsel for any party;

    (c)  The Court and its personnel, in connection with this litigation;

    (d)  An expert or consultant retained to work on this case by counsel for any party to this case;

    (e)  An investigator retained by counsel for any party to this case.

4.  Plaintiff's counsel shall not provide the plaintiff with the documents disclosed, nor will plaintiff's counsel provide plaintiff with any addresses or telephone

[PROPOSED] STIPULATION OF PARTIES FOR PROTECTIVE ORDER TO GOVERN CONFIDENTIAL PAST COMPLAINTS OF EXCESSIVE FORCE AGAINST DEFENDANT DEPUTIES THAMES AND ROTH

numbers of persons identified within the disclosures, but may discuss the information obtained from any investigation with the plaintiff;

5. Counsel for all parties to this action shall advise those individuals to whom disclosure is made of the documents or information governed by this Protective Order, and shall obtain the consent of such individual that he or she will be bound by this Protective Order. In the event such individual does not consent to be bound by this Protective Order, no disclosure or information contained in the disclosures will be made to such individual;

6. Provisions of this Order, insofar as they restrict disclosure and the use of the disclosed information and material shall be in effect until further order of the Court;

7. Plaintiff's counsel shall return all copies of the disclosed documents remaining within their possession to defendants' counsel upon resolution of this case;

///

///

///

8. Nothing in this Protective Order is intended to prevent the officials or employees of the Los Angeles County Sheriff's Department or other authorized individuals from having access to documents if they would have had access in the normal course of their job duties.

Dated: March 28, 2013      Respectfully submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**
SARAH GETTINGS
GARRETT LLEWELLYN

By:      /s/ Sarah Gettings
         Sarah Gettings
Attorneys for Plainitff, VICTOR SHAWN BROWN

Dated: March 28, 2013      Respectfully submitted,

**NELSON & FULTON**

By:      /s/ Elise H. Hur
   HENRY PATRICK NELSON
   ELISE H. HUR
   Attorneys for Defendants,
   C.L. Thames and John Roth

**IT IS SO ORDERED.**

DATED: April 1, 2013      _____/s/_____
                          The Hon. Victor B. Kenton,
                          United States Magistrate Judge

4